

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OCT 1 2 2004

FILED

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLODILE ROMERO, JR., Individually and On Behalf of All Others Similarly Situated, Plaintiff, | ) ) ) |
| | ) |
| vs. | ) ) |
| US UNWIRED, INC., et al., | ) ) |
| Defendants. | ) ) |
| | ) ) |

Civil Action No. 04-CV-2312

SECTION S

JUDGE MARY ANN VIAL LEMMON

## NOTICE OF MOTION AND MOTION TO APPOINT BILLY LORMAND AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL PURSUANT TO SECTION 21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934

### *ORAL ARGUMENT REQUESTED*

PLEASE TAKE NOTICE that Billy Lormand ("Lormand") will, and hereby does, move this

Court for an Order (1) appointing Lormand as Lead Plaintiff in the above-captioned securities class

action lawsuit and (2) approving movant's selection of Lerach Coughlin Stoia Geller Rudman &

Robbins LLP ("Lerach Coughlin") as Lead Counsel pursuant to §21D(a)(3)(B) of the Securities

Exchange Act of 1934 ("Exchange Act").

This Motion is made on the grounds that Lormand timely filed this Motion, suffered the most

significant financial loss resulting from the misconduct alleged and qualifies as the "most adequate

plaintiff" under §21D of the Exchange Act. In sum, Lormand has the most substantial financial

- 1 -

Fee _____
Process _____
X /Dktd _____
√ CtRmDep _____
_____ Doc. No. _____

interest in the relief sought by the class, and meets the requirements of Rule 23 of the Federal Rules of Civil Procedure because his claims are typical of the claims of the class and he will fairly and adequately represent the interests of the class.

Further, Lormand has selected and retained the law firm of Lerach Coughlin, a national law firm with extensive experience in prosecuting securities fraud actions, to serve as Lead Counsel. Lormand thus seeks this Court's approval of his selection of Lerach Coughlin as Lead Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

This Motion is based upon the instant Motion, the Memorandum of Law in support thereof, the Affidavit of Patrick H. Yancey, the pleadings and other files herein and such other written or oral arguments as may be permitted by the Court.

DATED:  October 12, 2004

LAW OFFICE OF PATRICK H. YANCEY, APLC
PATRICK H. YANCEY (#23,381)

*[signature]*

PATRICK H. YANCEY

761 West Tunnel Bvld., Suite C
Houma, LA  70360
Telephone:  985/853-0904
985/853-0992 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JACK REISE
DOUGLAS WILENS
197 S. Federal Highway, Suite 200
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
BRIAN O. O'MARA
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

S:\CasesSD\US Unwired\NTC Lead.doc

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2.     That on October 12, 2004, declarant served the **NOTICE OF MOTION AND MOTION TO APPOINT BILLY LORMAND AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL PURSUANT TO SECTION 21D(A)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of October, 2004, at San Diego, California.

_____
LISA J. VALLE

- 4 -

US UNWIRED
Service List - 10/7/2004   (04-0270)
Page 1 of 1

### Counsel For Defendant(s)

William L. Henning, Jr.
Robert W. Piper
Jerry E. Vaughn
US Unwired, Inc.
901 Lakeshore Drive
Lake Charles, LA  70601
   337/436-9000
   337/310-3510 (Fax)

### Counsel For Plaintiff(s)

Lewis S. Kahn
Kahn Gauthier Law Group, LLC
One Galleria Blvd., Suite 1726
Metairie, LA  70001
   504/455-1400

Patrick H. Yancey
Law Office of Patrick H. Yancey, APLC
761 West Tunnel Blvd., Suite C
Houma, LA  70360
   985/853-0904
   985/853-0992 (Fax)

Darren J. Robbins
Brian O. O'Mara
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
   619/231-1058
   619/231-7423 (Fax)

David J. George
Douglas  Wilens
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
197 S. Federal Highway, Suite 200
Boca Raton, FL  33432
   561/750-3000
   561/750-3364 (Fax)

Marc A. Topaz
Richard A. Maniskas
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
   610/667-7706
   610/667-7056 (Fax)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLODILE ROMERO, JR., Individually and On Behalf of All Others Similarly Situated, Plaintiff, | ) ) ) | Civil Action No. 04-CV-2312 |
| | ) | SECTION S |
| vs. | ) ) | JUDGE MARY ANN VIAL LEMMON |
| US UNWIRED, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT BILLY LORMAND AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL PURSUANT TO SECTION 21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934

*ORAL ARGUMENT REQUESTED*

Proposed Lead Plaintiff, Billy Lormand respectfully submits this Memorandum of Law in Support of Motion to Appoint Billy Lormand as Lead Plaintiff and to Approve Lead Plaintiff's Choice of Lead Counsel Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Memorandum").

## I.   INTRODUCTION

Presently pending in this District is a class action lawsuit (the "Action") on behalf of persons who purchased the common stock of US Unwired, Inc. ("US Unwired" or the "Company") from

May 23, 2000 through August 13, 2002, inclusive (the "Class Period"). This action is brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

Pursuant to 15 U.S.C. §78u-4(a)(3)(B), §21D(a)(3)(B) of the Exchange Act, Billy Lormand ("Lormand" or "Movant"), in connection with his transactions in the publicly-traded securities of US Unwired during the Class Period, submits this memorandum of law in support of his motion for entry of orders (1) appointing him as lead plaintiff for the class, and (2) approving lead plaintiff's selection of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") to serve as lead counsel.

Lormand believes he is the most adequate plaintiff, as defined by the PSLRA, because he possesses the largest financial interest having expended over $6,000 and having lost approximately $4,900 in connection with his purchases of 1,100 shares of US Unwired stock during the Class Period. *See* Affidavit of Patrick H. Yancey in Support of Motion to Appoint Billy Lormand as Lead Plaintiff and to Approve Lead Plaintiff's Choice of Lead Counsel Pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Yancey Decl."), Exs. 1 and 2, filed concurrently herewith. To the best of Lormand's knowledge, this is the greatest financial interest of any moving class member, plaintiff or plaintiff group who has brought suit or filed an application to serve as lead plaintiff in this action. In addition, Lormand satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because his claims are typical of the claims of the putative class and because he will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND[1]

US Unwired holds direct or indirect ownership interests in five Sprint PCS affiliates: Louisiana Unwired, Texas Unwired, Georgia PCS, IWO Holdings and Gulf Coast Wireless.

Throughout the Class Period, the Complaint alleges that the Company failed to disclose and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) the Company was increasing its subscriber base by signing up high credit-risk customers; (2) that accounting changes implemented by the Company were done in order to conceal the Company's declining revenues; (3) that the Company had been experiencing high involuntary disconnections related to its high credit-risk customers; (4) that the Company experienced lower subscription growth as a result of its policy that required credit-challenged customers to pay substantial deposits upon the initiation of services; and (5) that the Company was engaged in a dispute with Sprint PCS regarding its business relationship with Sprint PCS and Sprint PCS was pressuring the Company.

On August 13, 2002, US Unwired announced in a press release the financial results for the second quarter period ended June 30, 2002. The Company revealed that it experienced lower subscription growth as a result of its policy that required credit-challenged customers to pay substantial deposits upon the initiation of services. In response to this string of negative announcements, on August 13, 2002, the price of US Unwired common stock closed at $.90 per share, down 94.8% from its Class Period high of $17.25 per share.

---

[1]    These facts are derived from the allegations in the complaint captioned *Romero v. US Unwired, Inc.*, No. 04-CV-2312, filed August 12, 2004.

### III.   ARGUMENT

#### A.   Lormand Should Be Appointed Lead Plaintiff

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice was published on August 12, 2004, on *PRNewswire,* in connection with the filing of the first-filed action. *See* Yancey Decl., Ex. 3. Within 60 days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i); *see In re Telxon Corp. Sec. Litig.,* 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action.").

Second, the PSLRA provides that within 90 days after publication of the notice the court shall consider any motion made by a class member and shall, after consolidating all related actions, appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i)-(ii). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice ...;

- 4 -

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002).

The time period in which class members may move to be appointed lead plaintiff in this case expires October 12, 2004.  *See* 15 U.S.C. §§78u-4(a)(3)(A)-(B).  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Lormand has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

Lormand has signed a sworn certification stating that he has reviewed the allegations of the complaint and is willing to serve as the representative party on behalf of the class.  *See* Yancey Decl., Ex. 1.  In addition, Lormand has selected and retained counsel experienced in the prosecution of securities class actions to represent him and the class.[2]  *See* Yancey Decl., Ex. 4.  Accordingly, Lormand satisfies the individual requirements of 15 U.S.C. §78u-4(a)(3)(B), and is entitled to have his application for appointment as lead plaintiff and his selection of Lerach Coughlin as lead counsel approved by the Court.

### 1.    Lormand Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA provides that this Court:

[S]hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

---

[2]    Lerach Coughlin, has been appointed as lead counsel in numerous significant class actions, including *In re Enron Corp., Sec. Litig.,* 206 F.R.D. 427 (S.D. Tex. 2002), and *In re Advanced Lighting Techs., Inc.*, No. 1:99 CV 0836, 2000 U.S. Dist. LEXIS 20628 (N.D. Ohio June 6, 2000).

- 5 -

15 U.S.C. §78u-4(a)(3)(B)(i).  Moreover, the statute imposes a rebuttable ***presumption*** that:

> [T]he most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> \*      \*      \*
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class ....

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

During the Class Period, Lormand purchased 1,100 shares of US Unwired securities at a cost of over $6,000 and suffered losses of approximately $4,900.  As such, Lormand has a significant financial interest in the outcome of this litigation.  *See* Yancey Decl., Ex. 2.  Lormand believes he has the largest financial interest in the outcome of this litigation and, therefore, is presumptively entitled to appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 2.    Lormand Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See Smith*, 206 F. Supp. 2d at 632.  Lormand should be appointed lead plaintiff because he satisfies the typicality and adequacy requirements of Rule 23.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs have: (a) suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; and (c) their

- 6 -

claims are based on the same legal issues. *Seidman v. American Mobile Sys*, 157 F.R.D. 354, 360 (E.D. Pa. 1994); *Stewart v. Associates Consumer Discount Co.*, 183 F.R.D. 189, 196 (E.D. Pa. 1998); *Weiss v. York Hospital*, 745 F.2d 786, 809 & n.36 (3d Cir. 1984). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See In re Lucent Techs. Inc. Sec. Litig.*, 194 F.R.D. 137, 150 (D.N.J. 2000); *see also Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'") (citation omitted). The questions of law and fact common to the members of the class which predominate over questions which may affect individual class members include the following:

(a) Whether the federal securities laws were violated by defendants' acts or omissions;

(b) Whether defendants issued, caused to be issued and participated in the issuance of the materially false and misleading statements;

(c) Whether defendants omitted and/or misrepresented material facts;

(d) Whether the price of US Unwired's stock was artificially inflated by defendants' misrepresentations and omissions; and

(e) The extent of damage sustained by class members and the appropriate measure of damages.

As a result, there is a well-defined community of interest in the questions of law and fact involved in this case, and the claims asserted by the Movant are typical of the claims of the members of the proposed class. Lormand, just like all other class members: (a) purchased US Unwired securities during the Class Period; (b) purchased US Unwired securities in reliance upon the alleged

- 7 -

materially false and misleading statements issued by defendants; and (c) suffered damages thereby. Thus, the Movant's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events. Because the claims asserted by Lormand are based on the same legal theories and arise from the "same event or practice or course of conduct that gives rise to the claims of the class members," typicality is satisfied. *Grasty v. Amalgamated Clothing & Textile Workers Union*, 828 F.2d 123, 130 (3d Cir. 1987); *accord Blackie v. Barrack*, 524 F.2d 891, 902-03 & n.19 (9th Cir. 1975).

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Lormand to represent the class to the existence of any conflicts between his interests and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another." *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted).

Here, Lormand is adequate to represent the class. Lormand's interests are aligned with the interests of the class because both suffered from artificial inflation of the price of US Unwired securities and would benefit from the same relief. Furthermore, there is no evidence of antagonism between Lormand and the class. Having expended over $6,000 and having suffered approximately $4,900 in losses, undoubtedly Lormand will vigorously prosecute this action to obtain the best recovery for the class. Lormand has also certified to his willingness to serve as the representative of the class, here. Yancey Decl., Ex. 1. In addition, as shown below, Lormand's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Lormand satisfies the *prima facie* showing of the typicality and adequacy requirements of

Rule 23 for the purposes of this motion and should be appointed lead plaintiff pursuant to 15 U.S.C.
§78u-4(a)(3)(B).

**B.      The Court Should Approve Lormand's Selection of Lerach Coughlin
          as Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to
this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, this Court should not disturb the
lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."
15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *In re Cavanaugh*, 306 F.3d 726, 733 n.11 (9th Cir. 2002)
("the district court must approve the lead plaintiff's choice of counsel, but Congress gave the lead
plaintiff, and not the court, the power to select a lawyer for the class").

Lormand has selected the law firm of Lerach Coughlin to serve as lead counsel to the class.
Lerach Coughlin is a 140-lawyer law firm that is actively engaged in complex litigation,
emphasizing securities, consumer and antitrust class actions. Lerach Coughlin possesses extensive
experience litigating securities class actions and has successfully prosecuted numerous securities
fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead or
co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*,
187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case,
and in *Enron*, 206 F.R.D. 427. Indeed, in approving the lead plaintiff's choice of Lerach Coughlin's
lawyers as lead counsel in *Enron*, the Honorable Melinda Harmon found that its submissions stood
"out in the breadth and depth of its research and insight." *Id.* at 458. Lerach Coughlin's securities
department includes numerous trial attorneys and many former federal and state prosecutors, and
utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.

Lormand and his selected counsel bring to this action a securities litigation team consisting of
attorneys, investigators and forensic accountants who have repeatedly demonstrated their willingness
to undertake the painstaking process of unraveling accounting irregularities and improper

- 9 -

transactions, all of whom are able to devote substantial resources to the prosecution of this action.

Thus, the Court may be assured that in the event this motion is granted, the members of the class will

receive the highest caliber of legal representation available from Lerach Coughlin as lead counsel.

Because Lormand has selected and retained counsel experienced in litigating securities fraud class

actions with the ability and the resources to prosecute this action to the greatest recovery possible for

the class, his choice of lead counsel should be approved.

## IV.   CONCLUSION

For the foregoing reasons, the Movant respectfully requests that this Court: (1) appoint Billy

Lormand as lead plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934; and

(2) approve his selection of Lerach Coughlin as lead counsel.

DATED:  October 12, 2004                    LAW OFFICE OF PATRICK H. YANCEY, APLC
                                            PATRICK H. YANCEY (#23,381)


                                            _____
                                                      PATRICK H. YANCEY

                                            761 West Tunnel Bvld., Suite C
                                            Houma, LA  70360
                                            Telephone:  985/853-0904
                                            985/853-0992 (fax)

                                            [Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JACK REISE
DOUGLAS WILENS
197 S. Federal Highway, Suite 200
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
BRIAN O. O'MARA
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

S:\CasesSD\US Unwired\BRF Lead.doc

- 11 -

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2.      That on October 12, 2004, declarant served the **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT BILLY LORMAND AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL PURSUANT TO SECTION 21D(A)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of October, 2004, at San Diego, California.

_____
LISA J. VALLE

- 12 -

US UNWIRED
Service List - 10/7/2004   (04-0270)
Page 1 of 1

**Counsel For Defendant(s)**

William L. Henning, Jr.
Robert W. Piper
Jerry E. Vaughn
US Unwired, Inc.
901 Lakeshore Drive
Lake Charles, LA 70601
  337/436-9000
  337/310-3510(Fax)

**Counsel For Plaintiff(s)**

Lewis S. Kahn
Kahn Gauthier Law Group, LLC
One Galleria Blvd., Suite 1726
Metairie, LA 70001
  504/455-1400

Patrick H. Yancey
Law Office of Patrick H. Yancey, APLC
761 West Tunnel Blvd., Suite C
Houma, LA 70360
  985/853-0904
  985/853-0992(Fax)

Darren J. Robbins
Brian O. O'Mara
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
  619/231-1058
  619/231-7423(Fax)

David J. George
Douglas Wilens
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432
  561/750-3000
  561/750-3364(Fax)

Marc A. Topaz
Richard A. Maniskas
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
  610/667-7706
  610/667-7056(Fax)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLODILE ROMERO, JR., Individually and On Behalf of All Others Similarly Situated, Plaintiff, | ) ) ) | Civil Action No. 04-CV-2312 |
| | ) | SECTION S |
| vs. | ) ) | JUDGE MARY ANN VIAL LEMMON |
| US UNWIRED, INC., et al., | ) ) | |
| Defendants. | ) ) ) ) | |

[PROPOSED] ORDER APPOINTING BILLY LORMAND AS LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL PURSUANT TO SECTION 21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934

Having considered the Motion to Appoint Billy Lormand as Lead Plaintiff and to Approve Lead Plaintiff's Choice of Lead Counsel Pursuant to Section §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Motion") and good cause appearing therefore, the Court ORDERS the following:

1)      Billy Lormand's Motion is GRANTED;

2)      Pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), Billy Lormand is appointed Lead Plaintiff for the class; and

3)     Lead Plaintiff's selection of counsel is approved.  Pursuant to §21D(a)(3)(B)(v), the

law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP is appointed Lead Counsel for

the class.

IT IS SO ORDERED.

DATED:_____     _____
                            THE HONORABLE MARY ANN VIAL LEMMON
                            UNITED STATES DISTRICT JUDGE


Submitted by:

LAW OFFICE OF PATRICK H. YANCEY, APLC
PATRICK H. YANCEY (#23,381)

_____
                PATRICK H. YANCEY

761 West Tunnel Bvld., Suite C
Houma, LA  70360
Telephone:  985/853-0904
985/853-0992 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
JACK REISE
DOUGLAS WILENS
197 S. Federal Highway, Suite 200
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
BRIAN O. O'MARA
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

S:\CasesSD\US Unwired\ORD Lead.doc

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2.    That on October 12, 2004, declarant served the **[PROPOSED] ORDER APPOINTING BILLY LORMAND AS LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL PURSUANT TO SECTION 21D(A)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.    That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 12th day of October, 2004, at San Diego, California.

_____
LISA J. VALLE

- 4 -

US UNWIRED
Service List - 10/7/2004    (04-0270)
Page 1 of 1

### Counsel For Defendant(s)

William L. Henning, Jr.
Robert W. Piper
Jerry E. Vaughn
US Unwired, Inc.
901 Lakeshore Drive
Lake Charles, LA 70601
   337/436-9000
   337/310-3510 (Fax)

### Counsel For Plaintiff(s)

Lewis S. Kahn
Kahn Gauthier Law Group, LLC
One Galleria Blvd., Suite 1726
Metairie, LA 70001
   504/455-1400

Patrick H. Yancey
Law Office of Patrick H. Yancey, APLC
761 West Tunnel Blvd., Suite C
Houma, LA 70360
   985/853-0904
   985/853-0992 (Fax)

Darren J. Robbins
Brian O. O'Mara
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
   619/231-1058
   619/231-7423 (Fax)

David J. George
Douglas Wilens
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432
   561/750-3000
   561/750-3364 (Fax)

Marc A. Topaz
Richard A. Maniskas
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
   610/667-7706
   610/667-7056 (Fax)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLODILE ROMERO, JR., Individually and On Behalf of All Others Similarly Situated, Plaintiff, | ) ) ) | Civil Action No. 04-2312 |
| | ) | SECTION S |
| vs. | ) ) | JUDGE MARY ANN VIAL LEMMON |
| US UNWIRED, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| | ) ) | |

NOTICE OF HEARING

PLEASE TAKE NOTICE that undersigned counsel will bring its Motion to Appoint Billy Lormand Lead Plaintiff and to Approve Lead Plaintiff's Choice of Lead Counsel Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 for hearing before the Honorable Mary Ann Vial Lemmon at 10:00 a.m. on Wednesday the 17th day of November, 2004, in Section "S," Courtroom C414 of the United Stated District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana.

DATED:  October 14, 2004

LAW OFFICE OF PATRICK H. YANCEY, APLC
PATRICK H. YANCEY (#23,381)

_____
PATRICK H. YANCEY

761 West Tunnel Bvld., Suite C
Houma, LA 70360
Telephone: 985/853-0904
985/853-0992 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JACK REISE
DOUGLAS WILENS
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
BRIAN O. O'MARA
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

S:\CasesSD\US Unwired\NTC Hearing.doc

- 1 -

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.        That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2.        That on October 12, 2004, declarant served the **NOTICE OF MOTION AND MOTION TO APPOINT BILLY LORMAND AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL PURSUANT TO SECTION 21D(A)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.        That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of October, 2004, at San Diego, California.

_____
LISA J. VALLE

- 4 -

US UNWIRED

Service List - 10/7/2004    (04-0270)

Page 1 of 1

### Counsel For Defendant(s)

William L. Henning, Jr.
Robert W. Piper
Jerry E. Vaughn
US Unwired, Inc.
901 Lakeshore Drive
Lake Charles, LA 70601
337/436-9000
337/310-3510 (Fax)

### Counsel For Plaintiff(s)

Lewis S. Kahn
Kahn Gauthier Law Group, LLC
One Galleria Blvd., Suite 1726
Metairie, LA 70001
504/455-1400

Patrick H. Yancey
Law Office of Patrick H. Yancey, APLC
761 West Tunnel Blvd., Suite C
Houma, LA 70360
985/853-0904
985/853-0992 (Fax)

Darren J. Robbins
Brian O. O'Mara
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
619/231-1058
619/231-7423 (Fax)

David J. George
Douglas Wilens
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432
561/750-3000
561/750-3364 (Fax)

Marc A. Topaz
Richard A. Maniskas
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
610/667-7706
610/667-7056 (Fax)

# SEE RECORD FOR
# EXHIBITS
# OR
# ATTACHMENTS
# NOT SCANNED