FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 21 PM 4:32

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLODILE ROMERO, JR., *et al.*** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-2312**<br>**C/W: 04-2436**<br>**REF: ALL CASES** |
| **US UNWIRED, INC., *et al.*** | **SECTION: I/5** |

**DEFENDANTS' JOINT MEMORANDUM IN**
**OPPOSITION TO MOTION FOR CLARIFICATION**

Defendants Robert W. Piper, William L. Henning, Jr., Jerry E. Vaughn, Thomas G. Henning, Lawrence C. Tucker, Henry P. Herbert, Jr., Thomas J. Sullivan, Christopher J. Stadler, Charles T. Cannada, Andrew C. Cowen, Harley Ruppert, William L. Henning, and John A. Henning (collectively "Individual Defendants") and Defendant US Unwired, Inc. ("US Unwired" or the "Company") respectfully submit this joint memorandum in opposition to the motion for clarification filed by Lead Plaintiff Billy Lormand ("Lormand").

## A. PRELIMINARY STATEMENT

The Defendants jointly oppose Lormand's motion because it seeks to transform this litigation into a never-ending case. The Plaintiffs have filed a total of seven complaints, three in the putative class action (*Romero*) and four in the shareholder derivative/breach of fiduciary duty case (*Feyler*). The Defendants have filed seven motions to dismiss these complaints. As this



84197v2

___ Fee
___ Process
X Dktd
___ CtRmDep
___ Doc. No.

Court recently held, the complaints fail to allege sufficient facts to state a claim. Lormand cannot sidestep the Federal Rules of Civil Procedure and this Court's order dismissing all claims by simply amending yet again in hopes of keeping his claims alive in this action.

Lormand's motion for clarification represents the "wait and see," "'cat and mouse' class action gamesmanship" that the Fifth Circuit has held is improper. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003) (citation omitted). After this action was filed, Lormand filed an amended complaint on March 19, 2005. Defendants promptly moved to dismiss, arguing that the amended complaint failed to meet the pleading requirements of the Private Securities Litigation Reform Act and failed to adequately allege loss causation. While this motion to dismiss was pending, Lormand sought leave to file a further amended complaint to raise "newly discovered facts" and address Defendants' loss causation arguments in an effort to "ensure that all facts available are included in the Second Amended Complaint." (Docket No. 42, Plaintiff's Motion for Leave to Amend, at 5). When Defendants moved to dismiss this Second Amended Complaint, Lormand did not seek leave to allege additional facts, but rather argued that his allegations were more than sufficient to address the Defendants' arguments. This Court disagreed and dismissed Plaintiff's claims.

Lormand's "Motion for Clarification and Incorporated Memorandum in Support" is nothing more than a request to rehash the same arguments without following proper procedures. Lormand requests that the Court permit him 30 days to file another amended complaint but provides no draft of that complaint or specifics about what it might allege. Instead, Lormand superficially avers that he wishes to supplement his allegations "to amply demonstrate that the statements ¶¶108-110 and 113-14 are not protected by the PSLRA's safe harbor . . . ," and to "include additional allegations [regarding loss causation]."

Lormand's motion should be denied under the circumstances of this case. Lormand has not met the procedural requirements or come close to meeting the substantive requirements for granting leave to file another amendment, nor has he met the requirements for any other relief from this Court's order of dismissal.

## B. ARGUMENT AND AUTHORITY

Lormand's motion fails to identify what Federal Rule of Civil Procedure he is relying on and assumes, improperly, that this Court has granted him leave to amend. As discussed below, Lormand has not come close to satisfying any requirements for relief at this point of the proceedings, whether such relief be motion for leave to amend under Federal Rule 15, or a motion for relief under Federal Rule 59 or 60.

### 1. Lormand's request for leave to amend is deficient and should be denied.

Lormand's request for leave to amend his motion is exactly the type of last-ditch, unsupported request for another bite at the apple that is inappropriate. Federal Rule of Civil Procedure 15(a) governs a leave to file an amended complaint. Lormand has neither requested leave to amend his complaint – as the Fifth Circuit requires – nor has he met the substantive requirements for leave to amend under any circumstances. The Fifth Circuit has held that Courts should consider factors such as (1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment to determine whether to grant leave to amend a complaint. *See Goldstein*, 340 F.3d at 254-55 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Lormand himself admitted when he sought permission to file his Second Amended Complaint that the Fifth Circuit has taken a particularly dim view of his current tactic, *i.e.*, submitting an inadequately supported motion for leave to amend on the heels of a dismissal:

> [T]he Fifth Circuit has repeatedly warned against taking a "wait and see" approach when it comes to requesting leave to amend. *Goldstein*, 340 F.3d at 255 n.6; *see also Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 384-85 (5th Cir. 2004) (denial of leave to amend affirmed where plaintiffs did not "at any time suggest[] they have relevant information they were unaware of when the Complaint was filed (or that the defendants' motion to dismiss did not adequately inform them of the asserted deficiencies in the Complaint)"); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (no abuse of discretion in denying leave to amend where "plaintiffs did not exercise diligence" when "they deliberately chose to delay amending their complaint," and "they have not raised any fact which were not available previous to the district court's opinion.").

Motion for Leave To File Second Amended Complaint at 4 (Docket No. 2). Based on this authority, Lormand's motion concluded that "in the interest of judicial economy, [the Court] should permit Plaintiff to amend the AC now, rather than after the Court resolves the pending motion to dismiss." *Id.*

Lormand's Motion for Leave To File Second Amended Complaint now hangs around his neck like an albatross. As that motion evidences, Lormand's current request runs far afoul of the Fifth Circuit's requirements. First, Lormand has taken the very "wait and see," "cat and mouse" approach forbidden by the Fifth Circuit. Defendants' prior motion to dismiss Lormand's Second Amended Complaint plainly identified and addressed the two grounds on which the Court relied in dismissing that complaint – the safe-harbor for forward looking statements and the lack of any loss causation. Apparently, Lormand believed that the Second Amended Complaint was not deficient and that Defendants' motion to dismiss would be denied. The fact that Lormand was wrong does not provide a basis for granting him leave to amend yet again. In fact, it is the exact basis on which the Fifth Circuit has held that leave to amend should not be granted.

Second, unlike his prior motion, Lormand's current motion does not specify any allegations that he proposes to add, much less explain why he was unaware of those allegations

prior to the Court's order or at the time he filed his Second Amended Complaint. Lormand's current motion merely states that he would add allegations concerning the safe-harbor for forward looking statements and the deficiencies in his loss causation allegations. Leave to amend is inappropriate where Plaintiffs "did not explain why they were unable to obtain the information before filing" their prior complaint and "never provided the requisite specificity for leave to file a fourth complaint." *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006); *see also Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (holding in securities fraud class action that district court did not abuse its discretion in denying leave to amend and denying motion to vacate so that an additional amendment could be filed); *Goldstein*, 340 F.3d at 254-55 (holding no abuse of discretion where Plaintiffs failed to correct deficiencies in amended complaint that was dismissed and then failed to show how they would correct them in a future filing).

Third, Lormand's motion also does not demonstrate why a fourth effort would be anything other than futile, because it does not specify what allegations he would add. *See, e.g., In re Capstead Mtg. Corp. Secs. Litig.*, 258 F.Supp.2d 533, 566-67 (N.D. Tex. 2003) (denying leave to amend and noting: "The extent of the deficiencies in the Complaint is a strong indication that amendment would be futile. *Moreover, although Plaintiffs request that they be allowed to amend their Complaint, they have not identified how they propose to improve the Complaint so as to cure the defects identified herein, or submitted a proposed amended complaint to alert the court or Defendants of the substance of their proposed amendment.*") (emphasis in original).

In fact, both of the Court's grounds for dismissal appear to be based on incontrovertible facts, *i.e.*, either the statements at issue were forward looking (as the Court found) or they were not, and either the chain of alleged misrepresentations shares a nexus with the decline in US

Unwired's stock or it doesn't (as the Court found). Thus, since Lormand cannot change history, it is unclear what he could now add to fix these deficiencies.

Finally, Lormand has had multiple chances to prepare and submit a complaint. Thus, as other district courts in this Circuit have done in such circumstances, this Court should not provide Lormand with a fourth bite at the apple, especially in light of the other deficiencies detailed above. *See, e.g., Blackwell*, 440 F.3d at 291-92 (affirming district court's refusal to grant leave to amend where court first issued ruling after plaintiff filed original and two amended complaints); *In re: Dynegy, Inc. Secs. Litig.*, 339 F.Supp.2d 804, 921 (S.D. Tex. 2004) (refusing leave to amend under similar circumstances).

**2. Lormand has failed to demonstrate that he is entitled to any other relief following the Court's August 11, 2006 Order.**

As explained below, Lormand has also not satisfied the requirements of any other possibly applicable rules, including Rules 59(e) (governing a motion to alter of amend a judgment) and 60(a) – (b) (relating to clerical errors and special circumstances).

**a. Lormand Cannot Satisfy the Standards for Relief under Rule 59(e)[1]**

The Fifth Circuit has held that, in order to prevail on a motion to alter or amend an order dismissing all claims, a party "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and the motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig*, 332 F.3d at 863-64 (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The rule is not intended to permit an unsatisfied party to re-litigate matters already argued and disposed. *United States v. Western Elec. Co.*, 690 F. Supp.

---

[1] A motion under Rule 59 must be brought within 10 days after entry of the judgment. To the extent that this Court's Order and reasons constitute a Judgment within the meaning of Rule 59, Lormand's September 11, 2006 motion is not timely.

22, 25 (D.D.C. 1988). "Amendment of the judgment will be denied if it would serve no useful purpose." *Am. Elastics v. U.S.*, 84 F. Supp. 198 (D.C.N.Y. 1949).

Here, Lormand has not argued that the order of dismissal was based on any mistake of fact or law. Rather, the lead plaintiff cursorily claims that he should be permitted to amend his pleadings, post dismissal, because he "believes that the filing of another amended complaint will address the issues raised by the Court in the Order." Motion for Clarification ¶ 4.

Moreover, as discussed above, Lormand does not offer any newly discovered facts and has no explanation for why he could not have made such allegations before his Second Amended Complaint was dismissed, as required under *Vilma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) ("[W]here a party seeks to amend her complaint after entry of judgment, 'we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably raised the new matter prior to the trial court's merits rulings.'") (quoting *Bridle v. Scott*, 63 F.3d 364, 380 (5th Cir. 1995)). Nearly ten months passed between the time Defendants served their motions to dismiss and the time the Court issued its order granting that relief. Lormand's counsel had plenty of opportunities to seek leave to amend. He cannot now attempt to sidestep dismissal by trying to assert blanket conclusions with no newly discovered facts. *See Rosenzweig*, 332 F.3d at 863-64; *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 n.1 (5th Cir. 1999) (holding that a court may deny a Rule 59(e) motion where the party cannot explain why new evidence was not available prior to the judgment).

**b. Lormand Cannot Satisfy Rules 60(a) or (b).**

Under Federal Rule 60(a), "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any

time." Here, Lormand has not explicitly argued that the Court made a clerical error or other oversight of that sort.

Rule 60(b) permits relief from judgment under special circumstances. The rule provides:

> On motion and upon such terms as are just, the court may relieve a party of his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . (6) or any other reason justifying relief from the operation of the judgment.

Again, Lormand does not set forth any facts that invoke these thresholds. At most, he merely suggests that he was somehow entitled to a provision permitting him leave to amend within thirty days when the Court granted the Defendants' motions to dismiss. Motion for Clarification at ¶ 5. The Court's decision not to grant Lormand leave to amend in the Order does not constitute a mistake or other grounds permitting relief from the dismissal. *See DeWit*, 904 F. Supp. at 1507 (holding that the court's failure to include leave to amend in its order for dismissal did not constitute grounds for relief under Rules 60(b)(1)-(5)).

## C. CONCLUSION

Lormand's motion to clarify and assumption that he should be granted leave to file yet another amended complaint, post dismissal, should be denied. Lormand has failed to demonstrate any legitimate basis for relief from the well-reasoned order of dismissal issued by this Court.

Respectfully submitted,

Thomas Flanagan, No. 19569
W. Raley Alford, III, No. 27354
STANLEY, FLANAGAN & REUTERS, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580

OF COUNSEL
N. Scott Fletcher, Pro Hac Vice
Michael C. Holmes, Pro Hac Vice
Robert A. Wilkins
D. Corey Lawson
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2300
Houston, Texas 77002-6760
Telephone: (713) 758-3234
Facsimile: (713) 615-5168

Walter Stuart IV
VINSON & ELKINS LLP
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040

***Attorneys for Individual Defendants***

James R. Swanson, 18455
Loretta G. Mince, 25796
CORRERO FISHMAN HAYGOOD PHELPS
WALMSLEY & CASTEIX, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5267
Facsimile: (504) 586-5250

***Attorneys for Defendant US Unwired, Inc.***

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record on September 21, 2006 in accordance with the Federal Rules of Civil Procedure.

Counsel for Defendants



84197v2