**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CLODILE ROMERO, JR., *et al.*** **CIVIL ACTION**

**VERSUS** **NO. 04-2312**
**C/W 04-2436**
**REF: 04-2312**

**US UNWIRED, INC., *et al.*** **SECTION: I/5**

**ORDER AND REASONS**

Before the Court is a motion, filed on behalf of lead plaintiff Billy Lormand, for clarification of this Court's August 11, 2006, order granting the motions to dismiss filed by defendant US Unwired, Inc. ("USU") and defendants William L. Henning, Robert W. Piper, and Jerry E. Vaughn (collectively, the "individual defendants"). Plaintiff asks that the Court clarify the conclusion of its order, which (1) granted the individual defendants' motion and stipulated that plaintiff's complaint was dismissed without prejudice, but (2) merely granted the USU motion, remaining silent as to any prejudice on the dismissal. Simultaneously, plaintiff requests that the Court grant him 30 days within which to amend his complaint in light of the issues raised by the Court's order.

On August 12, 2004, Clodile Romero filed a securities fraud class action on behalf of purchasers of the securities of USU against USU and certain directors of the company--the individual defendants--seeking to recover for those who purchased USU securities between May 23, 2000, and August 13, 2002.[1] The lead plaintiff in the case was later changed to Billy

[1]Rec. Doc. No. 1. The facts of this case are set out more fully in this Court's order of August 11, 2006. Rec. Doc. No. 112; *see Romero v. US Unwired, Inc.*, No. 04-2312, 2006 U.S. Dist. LEXIS 60589 (E.D. La. Aug. 11, 2006)

Lormand.[2] Lormand amended his complaint twice; his second amended complaint contains claims for violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated pursuant to the Exchange Act.[3] On November 11, 2004, Lormand's action was consolidated with a shareholder derivative action brought on behalf of USU.[4] USU filed a motion to dismiss the securities fraud class action brought on behalf of USU stockholders and represented by Lormand.[5] The individual defendants, USU corporate officers sued in Lormand's action, also filed a motion to dismiss Lormand's complaint.[6] As stated above, the Court granted both motions, and plaintiff's claims were dismissed.

At the conclusion of its August 11, 2006, order, the Court wrote that "[i]t is further ordered that the motion to dismiss lead plaintiff Billy Lormand's securities fraud class action filed by William L. Henning, Jr., Robert W. Piper, and Jerry E. Vaughn is granted, and Lormand's complaint is dismissed without prejudice. It is further ordered that the motion to dismiss Lormand's complaint filed by USU is granted." The Court's failure to include language indicating any prejudice on dismissal with respect to the USU motion was deliberate; having already dismissed Lormand's complaint without prejudice on the individual defendants' motion, further language to that effect would have been superfluous. It appears from plaintiff's memorandum, however, that he correctly assumed this dismissal without prejudice would apply

[2]Rec. Doc. No. 15.

[3]Rec. Doc. No. 65, pp. 74-79

[4]Rec. Doc. No. 10.

[5]Rec. Doc. No. 71.

[6]Rec. Doc. No. 76.

to all defendants.

Plaintiff now requests leave to file another amended complaint to supplement his allegations. Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend the pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Although Rule 15 'evinces a bias in favor of granting leave to amend,' it is not automatic." *Porter v. Milliken & Michaels, Inc.*, No. 99-0199, 2001 U.S. Dist. LEXIS 4972, at *4 (E.D. La. Apr. 12, 2001) (Vance, J.) (quoting *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311, 314 (5th Cir. 1996)). While the decision to permit a party to amend its pleadings is within the sound discretion of the district court, a court may not deny leave to amend without a substantial reason to do so. *Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1302-03 (5th Cir.1995). In making this determination, a court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. *Southmark*, 88 F.3d at 314-15.

The Court fails to find any good cause to permit plaintiff to amend his complaint. Plaintiff has already had ample opportunity to correct his allegations, most notably the two amended complaints that he previously submitted. Each submission was lengthy and included copious exhibits.[7] In addition, defendants filed a motion to dismiss plaintiff's amended complaint, which gave plaintiff the chance to vet this version of his allegations and make the appropriate changes when filing the second amended complaint.[8] Considering the extensive

[7]Plaintiff's amended complaint was 67 pages long, not including exhibits. Rec. Doc. No. 28. Plaintiff's second amended complaint was 81 pages long, not including exhibits. Rec. Doc. No. 65.

[8]*See* Rec. Doc. No. 37.

pleadings already submitted and the numerous opportunities plaintiff has had to correct any deficiencies, the Court finds that an additional amendment to his complaint would be futile. *See Goldstein v. MCI Worldcom*, 340 F.3d 238, 254 (5th Cir. 2003) (holding that the "futility of the amendment" is one of the "plausible reasons for a district court to deny a party's request for leave to amend") (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); 6 Charles Alan Wright, Federal Practice & Procedure, § 1489 (2d ed. 1990)).

In addition, the Court notes that the dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is typically a 'judgment on the merits.' *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 (U.S. 1981) (citing *Angel v. Bullington*, 330 U.S. 183, 190 (1947); *Bell v. Hood*, 327 U.S. 678 (1946)); *Hall v. Tower Land & Inv. Co.*, 512 F.2d 481, 483 (5th Cir. 1975), *cited in Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 (5th Cir. 2004). The Court's initial dismissal of plaintiff's complaint was without prejudice. Upon additional review, and considering the above reasons for denying plaintiff leave to further amend his complaint, the Court finds that its previous order should be revised to reflect the above reasoning.

Accordingly,

**IT IS ORDERED** that the motion of lead plaintiff, Billy Lormand, for clarification[9] of this Court's order of August 11, 2006, dismissing his complaint is **GRANTED** insofar as this order clarifies the Court's previous ruling.

**IT IS FURTHER ORDERED** that the Court's previous order dismissing plaintiff's

---

[9]Rec. Doc. No. 116.

complaint[10] is **RESCINDED** insofar as it dismissed plaintiff's complaint without prejudice, and the order is **AMENDED** to dismiss plaintiff's complaint **WITH PREJUDICE**.

A separate judgment consistent with this order will be issued.

New Orleans, Louisiana, November 2nd, 2006.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

[10]Rec. Doc. No. 112.