UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**CLODILE ROMERO, JR.**                                         **CIVIL ACTION**

**VERSUS**                                                       **No. 04-2312**

**US UNWIRED, INC., ET AL.**                                     **SECTION I/5**


### ORDER AND REASONS

Before the Court is a motion to strike plaintiff's third amended complaint filed by defendants, US Unwired, Inc., William L. Henning, Robert W. Piper, and Jerry E. Vaughn.[1] Plaintiff, Clodile Romero, Jr., opposes the motion. For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

US Unwired was a Louisiana telecommunications corporation headquartered in Lake Charles, Louisiana.[2] It provided wireless mobile communication services to subscribers and it was, for some time, a network partner of Sprint PCS, the personal communications group within the Sprint corporation.[3] As a network partner, US Unwired had the exclusive right to provide PCS services in 14 states under the Sprint PCS brand name.[4]

On August 12, 2004, plaintiff filed this lawsuit alleging that defendants committed securities fraud.[5] Plaintiff alleged that defendants violated securities laws in essentially two ways: (1) by misrepresenting to investors the risks and negative effects of US Unwired switching

---

[1] R. Doc. No. 148.
[2] R. Doc. No. 107.
[3] R. Doc. No. 79, p. 3.
[4] R. Doc. No. 71, Mem. p. 2, n. 2.
[5] R. Doc. No. 1.

1

from a Sprint PCS Type III affiliate to a Sprint PCS Type II affiliate; and (2) misrepresenting the negative effect of a no-deposit credit program for high risk customers.

On August 11, 2006, the Court granted defendants' motions to dismiss and dismissed all of plaintiff's claims. Plaintiff appealed, and the United States Court of Appeals for the Fifth Circuit affirmed in part and reversed in part.[6] The Fifth Circuit affirmed the dismissal of plaintiff's claims related to US Unwired's conversion to a Type II affiliate, but reversed the dismissal of plaintiff's claims related to the no-deposit subscriber programs.[7] On June 19, 2009, this Court ordered plaintiff to file a new complaint containing those claims still viable in light of the Fifth Circuit's ruling.[8]

Plaintiff filed his third amended complaint ("TAC") on July 21, 2009.[9] On August 19, 2009, defendants filed this motion to strike arguing that plaintiff's TAC did not comply with the Court's order.

## *DISCUSSION*

Rule 12(f) of the Federal Rules of Civil Procedure allows a Court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." A motion to strike a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962) (citation omitted). Motions under Rule 12(f) are disfavored and a court should not strike any portion of a pleading as irrelevant unless "(1) there is no possible relation between the challenged portion of the pleading and the underlying controversy, and (2) the challenged portion

---

[6] Lormand v. US Unwired, Inc., 565 F.3d 228 (5th Cir. 2009).
[7] Id.
[8] R. Doc. No. 141.
[9] R. Doc. No. 143.

2

of the pleading may prejudice the moving party." Curran v. Aleshire, 2009 WL 1402034 at * 1 (E.D.La. May 14, 2009) (Zainey, J.).

Plaintiff's TAC removed allegations concerning material misstatements related to US Unwired's conversion from a Type III affiliate to a Type II affiliate. Plaintiff did, however, re-allege much of the factual background that led to the conversion. Plaintiff argues that this information is relevant to understanding the motivations of the individual defendants and to provide context for the material misstatements related to the no-deposit programs. Defendants have not demonstrated that there is "no possible relation between the challenged portion of the pleading and the underlying controversy." Accordingly,

**IT IS ORDERED** that the motion to strike is **DENIED**.

New Orleans, Louisiana, February 18, 2010.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**